FILED
2022 APR 5
CLERK
U.S. DISTRICT COURT

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF UTAH

| | |
|---|---|
| E.V. and L.V.,<br><br>      Plaintiffs,<br><br>vs.<br><br>UNITED HEALTHCARE OXFORD and UNITED BEHAVIORAL HEALTH,<br><br>      Defendants. | **MEMORANDUM DECISION AND ORDER GRANTING STIPULATED MOTION TO TRANSFER TO THE UNITED STATES DISTRICT COURT, SOUTHERN DISTRICT OF NEW YORK**<br><br>Civil No. 1:21-cv-00126-JNP-DAO<br><br>Judge Jill N. Parrish |

      Before the court is the parties' Stipulated Motion to Transfer to the United States District Court for the Southern District of New York. ECF No. 21. The parties contend that the present action should be transferred to the Southern District of New York because the parties have consented to such a transfer and venue in the Southern District of New York will be more convenient for the parties and witnesses and promote the interests of justice. The parties further note that the health plan at issue in this litigation contains a forum selection clause "that mandates all disputes arising under the [health plan] to be brought in a court located in the state of New York." *Id.* ¶¶ 6–7. For the reasons presented herein, the court GRANTS the parties' motion.

      Under 28 U.S.C. § 1404(a), "[f]or the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought or to any district or division to which all parties have consented." "The decision of whether to transfer an action is within the discretion of the trial court." *Cmty. TV of Utah, LLC v. Aereo, Inc.*, 997 F. Supp. 2d 1191, 1205 (D. Utah 2014). Here, all parties have consented to have the case transferred to the Southern District of New York. In addition, the court concludes that transferring this action to the Southern District of New York would prove more

convenient to the parties and witnesses and serve the interests of justice. Specifically, while none of the parties reside in Utah, defendant Oxford[1]—"the insurer and claims administrator" of the health plan—"is a New York corporation that is domiciled in New York, New York and has its principal place of business in Connecticut," ECF No. 21 ¶ 3, and plaintiffs E.V. and L.V. "are residents of New Jersey," *id.* ¶ 1, which neighbors New York.[2] Moreover, "E.V.'s employer who sponsored the health plan is located in New York." *Id.* ¶ 2. Furthermore, given the forum selection clause contained in the health plan at issue, the court—even in the absence of the parties' stipulation—would likely be required to transfer the case to a federal court in New York. *See Natan's Trading, Ltd. v. Energizer Holdings, Inc.*, No. 2:19-cv-00587-HCN, 2020 U.S. Dist. LEXIS 164925, at *3 (D. Utah Sept. 9, 2020) ("Because 'the enforcement of valid forum-selection clauses, bargained for by the parties, protects their legitimate expectations and furthers vital interests of the justice system,' the Supreme Court has emphasized that 'a valid forum-selection clause should be given controlling weight in all but the most exceptional cases.'" (quoting *Atl. Marine Constr. Co., Inc. v. U.S. Dist. Ct. for the W. Dist. of Texas*, 571 U.S. 49, 63 (2013)); *see also* ECF No. 17.

---

[1] In their motion to transfer venue (ECF No. 17), Defendants contend that the party sued as "United Healthcare Oxford" is actually "Oxford Health Plans (NY), Inc." Although the court offers no opinion regarding that contention, it refers to the party sued as "United Healthcare Oxford" as "Oxford" to avoid any further confusion.

[2] Defendant United Behavioral Health "is a California corporation with its principal place of business in San Francisco." *Id.* ¶ 4. Accordingly, it is possible that the District of Utah would be a more convenient forum than the Southern District of New York for United Behavioral Health. However, United Behavioral Health has consented to the transfer of this action to the Southern District of New York—and even previously moved to have this action transferred to the Southern District of New York, ECF No. 17—and whereas venue in the District of Utah would possibly be more convenient for one party (i.e., United Behavioral Health), venue in the Southern District of New York would likely be more convenient for three parties (i.e., E.V., L.V., and Oxford).

Therefore, the court GRANTS the parties' motion and ORDERS that the present action be transferred to the United States District Court for the Southern District of New York.

DATED April 5, 2022.

BY THE COURT

_____
Jill N. Parrish
United States District Court Judge